UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES,**

      **Plaintiff,**

  v.

**ABUBAKARR SAVAGE**

      **Defendant.**

:

:

:

Case No. 2:22-cr-197
Judge Sarah D. Morrison

**OPINION AND ORDER**

This matter is before the Court on Defendant Abubakarr Savage's Motion to Suppress Physical Evidence and Statements. (Mot., ECF No. 29.) The Government has responded. (Resp., ECF No. 32.) For the reasons set forth below, the Motion is **DENIED** as to the physical evidence. The parties are **ORDERED** to appear before the Court for a hearing on whether verbal statements should be suppressed.

**I.    BACKGROUND**

On August 4, 2022, Columbus Division of Police Officers Christopher Davis and Austin Endsley pulled over a Toyota 4Runner after watching the vehicle commit a stop sign violation. (Resp. Exh. 4, ECF No. 32-4.) As the vehicle came to a stop, the Officers observed the driver "turn his whole upper body to the right towards the center console as if placing something to his right[.]" (*Id.*) Officer Davis approached the driver's side and Mr. Savage presented his identification. (*Id.*)

Meanwhile, Officer Endsley approached the passenger side. (*Id.*) Officer Endsley observed "marijuana 'shake' on the passenger side floor board of the

Toyota." (*Id.*) Officer Davis smelled "the odor of burnt marijuana stemming from the interior of the Toyota as well as raw marijuana." (*Id.*) Officer Endsley opened the passenger door while Officer Davis asked Mr. Savage to exit the vehicle. (Resp. Exh. 2[1], 2:45.) Mr. Savage raised his hands and appeared visibly nervous. (*Id.*) Officer Davis then asked whether Mr. Savage had any drugs, weapons, or contraband in the car. He said, "Not to my knowledge, sir." (*Id.*, 3:00.) Officer Davis responded, "That's not a good answer," and began to secure Mr. Savage in handcuffs. (*Id.*)

As he secured the cuffs, Officer Davis advised Mr. Savage, "Every indication you're giving right here is that there's a gun in the car." (*Id.*, 3:40.) Once the cuffs were secure, Officer Davis escorted Mr. Savage out of the vehicle and began to search his person. (*Id.*) Officer Endsley began to search the vehicle. He opened the lid to the center console and found a handgun. (*Id.*, 4:00.) After Mr. Savage confirmed that he had been previously convicted of a felony, Officer Endsley stated, "Yeah, you're under arrest." (*Id.*, 4:25.) Mr. Savage was handcuffed and placed in the back of the Officers' cruiser, where he waited until he was transported to the police station.

During the ensuing search of the vehicle, Officer Davis found several unopened ski masks. (Resp. Exh. 4.) He remarked to Officer Endsley, "They bought a whole bunch of masks getting ready to smoke some people as a group. He has nothing but these right here, he has five cell phones, a chip to switch phones."

---

[1] Exhibits 1, 2, 3, 5, and 6 are video files which were manually filed with the Court. (*See* ECF No. 34.)

(Resp. Exh. 2, 7:48.) To which Officer Endsley responds, "You see, we were just talking about how stopping crime can save people." (*Id.*, 8:00.)

While waiting in the cruiser, Officers Davis and Endsley asked Mr. Savage questions seeking a wide range of information. They asked for identifying information, like date of birth and Social Security number; his criminal history; whether he rented the 4Runner and, if not, who did (*id.*, 21:00); whether his DNA would be on the gun recovered from the console (*id.*, 10:54); what size shirt he wore (Resp. Exh. 1, 26:00); what size shoes he wore (Resp. Exh. 2, 21:51); and whether he would like to take the ski masks to the jail with his other personal property (Resp. Exh. 1, 25:00).

Mr. Savage now argues that the Officers lacked probable cause to conduct a vehicle search, and that all physical evidence recovered from the search should therefore be suppressed. (Mot., 2.) He further argues that he was subject to custodial interrogation before being read his rights, and that all statements made must also be suppressed. (*Id.*, 3.) The Court will address each in turn.

## II. MOTION TO SUPPRESS PHYSICAL EVIDENCE

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. A warrantless search is presumptively unreasonable unless a warrant exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967). "Under the automobile exception to the warrant requirement, an officer may perform a warrantless search of a detained vehicle should the officer have probable cause to believe the vehicle contains contraband or evidence of criminal activity." *United*

3

*States v. Lyons*, 687 F.3d 754, 770 (6th Cir. 2012). "Probable cause exists where 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). It is determined based on "the objective facts known to the officers at the time of the search." *United States v. Smith*, 510 F.3d 641, 648 (6th Cir. 2007) (internal quotation marks and citation omitted). Neither the subjective intent of the officers, nor events that occurred after the search, are considered. *Id*. When probable cause is present under the automobile exception, police may search "any area of the vehicle in which the evidence might be found." *Arizona v. Gant*, 556 U.S. 332, 347 (2009). *See also United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully-stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").

The first action that could plausibly implicate Mr. Savage's Fourth Amendment rights was Officer Endsley opening the passenger-side door. But even at that early stage of the encounter, the Officers had probable cause to conduct a search. Officer Davis smelled burnt and raw marijuana, and Officer Endsley saw marijuana shake in plain sight. *United States v. Crumb*, 287 F. App'x 511, 516 (6th Cir. 2008) (citing *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993)) ("[T]he detection of a narcotic's odor, by itself, is sufficient to provide probable cause to conduct a lawful search of a vehicle."). What's more, both Officers observed Mr. Savage make furtive movements that suggested, in their experience and training,

4

an attempt to hide contraband. *See United States v. Coker*, 648 F. App'x 541, 544 (6th Cir. 2016) (collecting cases). Probable cause existed to conduct the vehicle search. As to the physical evidence, the Motion to Suppress is **DENIED**.

### III.     MOTION TO SUPPRESS VERBAL STATEMENTS

As the Government correctly notes, "a suspect must receive a warning before custodial interrogation begins." (Resp., 11 (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). Although the Government contends that Mr. Savage was not subject to custodial interrogation at the scene of the arrest, the video evidence submitted in support of its brief tends to indicate otherwise. *See Howes v. Fields*, 565 U.S. 499, 509 (2012) (determining whether an individual is in "custody" by determining whether "a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave") (internal citation and quotation omitted) (cleaned up); *United States v. Clark*, 982 F.2d 965, 967–68 (6th Cir. 1993) (defining "interrogation" as "questioning initiated by law enforcement officials" or "any words or actions on the part of police . . . reasonably likely to elicit an incriminating response from the suspect") (internal citation and quotation omitted). Mr. Savage was placed under arrest and asked questions about, among other things, whether his DNA would be found on the gun recovered from the vehicle, and whether the ski masks (which the Officers clearly believed were evidence of intent to commit criminal acts) belonged to him. Accordingly, the Court will hear oral argument on which, if any, verbal statements should be suppressed at a hearing to-be-set.

## IV. CONCLUSION

The Motion to Suppress is **DENIED** as to the physical evidence. The parties are **ORDERED** to appear before the Court for a hearing as to the verbal statements.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**